

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00010-CR

---

JOSHUA BRIAN HUERTA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1790303

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Tarrant County jury convicted Joshua Brian Huerta of two counts of indecency with a child, Claire,[1] by sexual contact, a second-degree felony.  *See* TEX. PENAL CODE ANN. 21.11(d). The trial court sentenced Huerta to three years' imprisonment on each count, with the sentences to run concurrently.  On appeal,[2] Huerta claims the trial court erred in admitting into evidence certain text messages between Huerta's wife and Claire's mother and in admitting evidence that Huerta falsely claimed to be a police officer.  Because we conclude Huerta did not preserve error regarding the text messages and the trial court did not abuse its discretion in admitting his false statement, we affirm.

## I.       Factual and Procedural Background

Huerta does not challenge the sufficiency of the evidence to support his convictions, so we need not recount the facts of the offenses for which he was convicted.  Instead, we give only a brief factual and procedural background to frame his appellate issues.

Huerta and his wife, Rose, lived in the same apartment complex in North Richland Hills as Rose's sister, Sasha, and her family.  Huerta was a Fort Worth police officer, and Rose was a stay-at-home mom.  Sasha and her husband, Leon, paid Huerta and Rose to keep their children while Sasha and Leon were at work.

---

[1]We use pseudonyms for minor children involved in this case and their family members.  *See* TEX. CONST. art. I, § 30(a)(1) (granting a "crime victim . . . the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"); TEX. R. APP. P. 9.10(a)(3).

[2]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own.  *See* TEX. R. APP. P. 41.3.

In May 2023, Sasha's children spent one of the first few days of summer vacation at Huerta and Rose's apartment. That evening, one of Sasha and Leon's daughters, Claire, told her parents about two separate incidents where Huerta touched her inappropriately, one of which had occurred on that day, and the other a few weeks prior. Sasha called Rose to come over. Claire told Rose what had happened. After Rose left, Sasha called the police.

Ultimately, the State charged Huerta with continuous sexual abuse of a child and three counts of indecency with a child by sexual contact. Prior to trial, the State abandoned the continuous sexual assault charge and one of the indecency charges. Huerta pled not guilty to the two remaining counts of indecency with a child and proceeded to jury trial. During trial, over Huerta's objections, the trial court admitted into evidence certain text messages between Sasha and Rose, as well as testimony that Huerta told the arresting officers that he was a Fort Worth police officer, even though he had previously resigned.

The jury found Huerta guilty on both counts of indecency with a child. The trial court assessed Huerta's punishment at three years' incarceration on each count, ordered Huerta's sentences to run concurrently, and entered judgments accordingly. Huerta filed a generic motion for new trial, not complaining of either of the issues he raises now on appeal, which was overruled by operation of law. *See* TEX. R. APP. P. 21.8(c).

Huerta appeals.

## II.    Preservation of Error

In his first point of error, Huerta claims the trial court erred "in admitting . . . certain text messages between Rose . . . and Sasha which were untimely produced."

3

Huerta states that he filed a motion for production of evidence under the Michael Morton Act, Article 39.14 of the Texas Code of Criminal Procedure, almost a year prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (Supp.). Nonetheless, the trial court allowed the State to admit into evidence certain text messages between Rose and Sasha in which they discussed, among other things, the status of the investigation. In particular, Rose questioned whether the authorities would leave Claire's family alone if her family moved away. Rose also advised Sasha that if Sasha's family moved out of Tarrant County or the city of North Richland Hills, Child Protective Services and the police would leave Sasha's family alone.

The record indicates that the State received the text messages from Sasha on Monday, November 11, 2024. The State uploaded the text messages so they were available to Huerta on the following day, November 12, one week prior to the trial date of November 19. Huerta then requested text messages going back to an earlier date, and the remainder of the text messages were disclosed and available to Huerta on November 14.

Huerta objected to the admission of the text messages on the basis that they were untimely disclosed. The trial court overruled Huerta's objection and admitted the text messages into evidence, stating that the State disclosed the text messages as soon as was practicable after the text messages were disclosed to the State.

The State argues Huerta failed to preserve his first point of error because he failed to move for a continuance based on error under Article 39.14. We agree.

The Fort Worth Court of Appeals recently stated, in an appeal involving the State's alleged failure to timely disclose text messages, that "[t]o preserve this alleged Article 39.14

4

error," a defendant is "required to seek a continuance [in the trial court]." *Wakefield v. State*, Nos. 02-24-00068-CR & 02-24-00069-CR, 2025 WL 2006081, at *2 (Tex. App.—Fort Worth July 17, 2025, no pet.) (mem. op., not designated for publication) (collecting cases, including *Rodriguez v. State*, 630 S.W.3d 522, 524 (Tex. App.—Waco 2021, no pet.)); *cf. Ruffins v. State*, 691 S.W.3d 166, 186–87 (Tex. App.—Austin 2024, no pet.) (considering untimely disclosed incriminating evidence and concluding that "a request for continuance is necessary to preserve a complaint regarding article 39.14 under circumstances similar to those present here because, if granted, it would afford the defendant 'the opportunity to avoid the prejudice and impairment'" (quoting *Rodriguez*, 630 S.W.3d at 524)).[3]

Huerta "neither addresses the requirement of requesting a continuance nor explains his failure to do so. Accordingly, [Huerta] did not preserve his complaint for appellate review." *See Wakefield*, 2025 WL 2006081, at *3.

We overrule Huerta's first point of error.

---

[3]Because *Wakefield* is an unpublished opinion, it is not precedent we are required to follow. *See* Tex. R. App. P. 41.3, 47.7(a). However, the Fort Worth Court of Appeals has stated that it "consider[s] unpublished opinions with similar facts instructive and cite[s] them in agreement with their guidance as to the application of settled law." *Thetford v. State*, 643 S.W.3d 441, 451 n.19 (Tex. App.—Fort Worth 2022, pet. ref'd) (op. on remand); *see Cain v. State*, 621 S.W.3d 75, 81 n.8 (Tex. App.—Fort Worth 2021, pet. ref'd). We consider the Fort Worth court's position in *Thetford*, along with its reliance in *Wakefield* on *Rodriguez*, a published case, and the Austin court's reliance in *Ruffins*, also a published case, on *Rodriguez*, in coming to the same conclusion in this transfer case.

Conversely, our Court has previously considered the State's argument that the "requirement to seek a continuance before being entitled to any relief for the alleged late disclosure of material evidence has continued to apply in cases even after the Michael Morton Act went into effect." *Taylor v. State*, No. 06-19-00179-CR, 2020 WL 4643962, at *10 (Tex. App.—Texarkana Aug. 12, 2020, pet. ref'd) (mem. op., not designated for publication). We noted that the State "[c]it[ed] several unpublished cases" and declined to determine "the issue of waiver as it relates to . . . objections under the Michael Morton Act," deciding the appeal instead on the evidence's lack of materiality. *Id.* Because our Court has recently considered but not decided this issue, the outcome may have been different had we "not been required to decide the case in accordance with the [Fort Worth] court's precedent." Tex. R. App. P. 41.3.

## III.  Admission of Evidence

In his second point of error, Huerta urges that the trial court abused its discretion in admitting evidence that, while being arrested, he falsely claimed he was a City of Fort Worth police officer even though he had previously resigned.

Andrew Bray, a patrol sergeant with the North Richland Hills Police Department (NRHPD), testified that he was assisting with executing a search warrant at Huerta's residence on July 28, 2023.  Bray testified that as the officers were trying to make contact at the front door, knocking loudly and announcing themselves as the "North Richland Hills Police Department," Huerta was attempting to leave through the garage.  Another NRHPD officer detained Huerta, and, pursuant to the outstanding arrest warrant issued during the investigation, Bray arrested Huerta.  Bray testified that as he was putting handcuffs on Huerta, Huerta said, "I'll say again, I'm Fort Worth PD."  Before Bray testified as to Huerta's statement, Huerta renewed his relevance objection previously made outside the presence of the jury.  Huerta argued that the State was offering his false statement for the sole purpose of questioning his credibility.  The trial court overruled Huerta's objection and allowed Bray to testify as to Huerta's false statement during his arrest.

Tiffany LaPenna, a detective with the NRHPD, testified that during her investigation of Claire's allegation of sexual assault against Huerta, she obtained a search warrant for Huerta's apartment.  LaPenna also testified that Huerta had resigned as a Fort Worth police officer on July 25, 2023.

6

Huerta argues that his false statement to Bray was irrelevant, as the only use for that statement was "to sully his reputation in the minds of the jury."

## A.    Standard of Review and Applicable Law

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Bluntson v. State*, No. AP-77,067, 2025 WL 1322702, at \*6 (Tex. Crim. App. May 7, 2025). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles.'" *Id.* (quoting *State v. Lerma*, 629 S.W.3d 63, 68 (Tex. Crim. App. 2021)). "We must uphold the trial court's ruling unless the determination 'falls outside the zone of reasonable disagreement.'" *Id.* (quoting *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016)). "An evidentiary ruling will be upheld if it is correct on any theory of law applicable to the case." *Id.*

"[Texas] Rule [of Evidence] 402 states that '[a]ll relevant evidence is admissible, except as otherwise provided' and that '[e]vidence which is not relevant is inadmissible.'" *Kirk v. State*, 421 S.W.3d 772, 782 (Tex. App.—Fort Worth 2014, pet. ref'd) (third and fourth alterations in original) (quoting TEX. R. EVID. 402). "Relevant evidence is defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable.'" *Id.* (quoting TEX. R. EVID. 401).

"A defendant's conduct after the commission of a crime which indicates a 'consciousness of guilt' is admissible to prove that he committed the offense." *Hance v. State*, 714 S.W.3d 775, 816 (Tex. App.—Fort Worth 2025, no pet.) (quoting *Hedrick v. State*, 473 S.W.3d 824, 830 (Tex. App.—Houston [14th Dist.] no pet.)). "A 'consciousness of guilt' may be one of the

7

strongest indicators of guilt." *Id.* (quoting *Lee v. State*, 866 S.W.2d 298, 302 (Tex. App.—Fort Worth 1993, pet. ref'd)). And an accused's false statements indicate a consciousness of guilt. *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

### B. Analysis

Huerta acknowledges that "[l]ying to the police reveals . . . a consciousness of guilt and, as such, is circumstantial evidence of guilt." That is a true statement of the law, and for that reason, his argument on this point fails. As demonstrated through the cases cited above, an accused's false statements may indicate a consciousness of guilt, making those statements relevant and admissible. As such, the trial court was within the zone of reasonable disagreement when it admitted into evidence Huerta's false statement to the police, and the trial court did not abuse its discretion in so ruling.

We overrule Huerta's second point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     August 4, 2025
Date Decided:     September 9, 2025

Do Not Publish

8